**In the Matter of the Complaint of AMF as Owner of LAURIE, seeking exoneration from or limitation of liability.**

**No. 82 Civ. 76 (WK).**

United States District Court,
S. D. New York.

July 21, 1982.

---

Haight, Gardner, Poor & Havens by David P. H. Watson, New York City, for plaintiff AMF.

Schneider, Kleinick & Weitz, P.C. by Brian J. Shoot, Ian Gura, New York City, for claimant Merryl Wilson.

MEMORANDUM AND ORDER

WHITMAN KNAPP, District Judge.

On March 9, 1980, while traveling northwest along the Main Channel of the Port of Miami, an area also known as Government Cut, David Richardson's 23-foot pleasure boat struck a wake allegedly caused by another pleasure vessel, the LAURIE, owned by AMF (hereinafter the "Owner"). As a result of this incident, one of Richardson's passengers—Mrs. Merryl Wilson—claims to have sustained severe and permanent back injuries.

On June 26, 1981, Mrs. Wilson filed a complaint in New York Supreme Court, New York County, against both Richardson and the Owner claiming that her injuries were caused by the negligent operation of the two pleasure boats, and seeking damages in the sum of two million five hundred thousand dollars (the "state court action").[1] A summons and complaint were served on the Owner on or about July 9, 1981. Shortly thereafter, Richardson filed a cross-claim against the Owner seeking "indemnity and/or contribution" for any liability assessed against him as a result of Mrs. Wilson's state court action.

Less than six months after service on it of the state court summons and complaint, the Owner filed with this court a complaint seeking exoneration from or limitation of liability pursuant to 46 U.S.C. §§ 183–185, 188. This complaint alleges that the accident was not caused by any negligence on the part of the Owner, who should therefore be exonerated from liability. It further alleges that the accident occurred without the Owner's privity or knowledge, that the net value of the LAURIE does not exceed $396,000, and that the Owner is therefore entitled to limit its liability to that amount.

On February 8, 1982, we entered an order approving the Owner's stipulation of value; staying until determination of the action before us further prosecution of any and all actions commenced or to be commenced against the LAURIE in respect to claims arising from the March 9, 1980 incident; and directing the Clerk of the Court to notify all persons asserting such claims to file them in this action on or before April 5, 1982. To date, only Merryl Wilson has filed such a claim. The possibility nevertheless remains that Richardson might apply for leave to file a belated claim, and that such leave might be granted. Supplemental Rule F(4), F.R.Civ.P. No one has suggested any other potential claims against the LAURIE.

At a pre-trial conference held before us on April 13, 1982, counsel for Mrs. Wilson asked that we lift the injunction against prosecution of her state court action. Accepting this as an oral motion, we directed the parties to brief the issue. For reasons and on the terms set forth below, we conclude that Mrs. Wilson should be permitted to try her claim in state court.

The considerations which should guide our discretion in dealing with the instant application seem to us to have been laid out by the Supreme Court in Langnes v. Green (1931) 282 U.S. 531, 51 S.Ct. 243, 75 L.Ed. 520. The Court there opened its discussion of applicable guidelines with the following observation (at 541):

"The term 'discretion' denotes the absence of a hard and fast rule. When invoked as a guide to judicial action it means a sound discretion, that is to say, a discretion exercised not arbitrarily or wilfully, but with regard to what is right and equitable under the circumstances and the law, and directed by the reason and conscience of the judge to a just result." (Citation omitted.)

The Court went on to specify the two basic values that should be protected: 1) the right of the claimant to a jury trial whenever possible; and 2) the right of the shipowner to the full protection of the limitation of liability statute against personal judgments totaling more than the value of his interest

---

1. This was Mrs. Wilson's third action with respect to the March 9, 1980 incident. She had previously brought two actions, naming only Richardson, in New York Supreme Court, each of which she appears to have voluntarily discontinued.

in the vessel. *See also In re Moran Transp. Corp.* (2d Cir. 1950) 185 F.2d 386, *cert. denied* (1951) 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687; *In re Red Star Barge Line, Inc.* (2d Cir. 1947) 160 F.2d 436.

The problem which *Langnes* thus enjoins us to solve is how to protect the legitimate rights of the LAURIE's Owner with the least possible interference with those of Mrs. Wilson. It is clear in the first place that (unless this court intervenes to fragment the litigation), there will be only one law suit concerning the incident that gave rise to Mrs. Wilson's alleged injury. The Owner is threatened with no other claims. However, that single law suit could itself give rise to *separate* claims against the Owner totaling more than the value of the LAURIE.

The complaint in the state court action demands $2,500,000 in damages. Let us arbitrarily assume that the state jury were to fix Mrs. Wilson's damages at $2,000,000; find her free of contributory negligence; and find Richardson and the LAURIE to have been equally at fault. Let us further assume that, having entered judgment in the amount of $2,000,000 against both Richardson and the Owner, Mrs. Wilson were to levy on the LAURIE, succeed in selling it for $400,000, and then actually collect $1,500,000 from Richardson. On this set of assumptions, the Owner—having lost the ship—would nevertheless be faced with an unsatisfied judgment in the amount of $100,000 in Mrs. Wilson's hands; and an unsatisfied claim over of $500,000 by Richardson.[2] This is precisely the result that the limitation of liability act was designed to avoid.

It is apparent, however, that these supposed dangers could only arise *after* Mrs. Wilson had obtained a judgment in the state court action. The LAURIE's Owner would therefore be fully protected were we to continue in effect as to all other actions the stay entered in our order of February 8, 1982; permit the state court action to proceed, for the moment unfettered, in that court; but stay entry of judgment and consequent enforcement of any recovery there secured against the Owner—whether on Wilson's direct claim or on Richardson's cross-claim—pending resolution in this court of the Owner's right to limit its liability.

This procedure vindicates Mrs. Wilson's right to a jury trial, and saves her the expense and inconvenience of litigating the same alleged incident in two separate forums. Yet, it also provides the Owner with all the protection the statute intends it to enjoy since it is protected from recovery in excess of the value of the LAURIE. This court would be free, in the event of further proceedings here, to take such action as implementation of the limitation of liability act might dictate.

We shall modify Paragraph 5 of our February 8, 1982 Order accordingly. Further, as the Court suggested in *Langnes*, we shall retain jurisdiction to protect the Owner from any unanticipated developments. Should it develop after verdict has been achieved that any party or parties' right for post-verdict-relief (either by appeal or otherwise) were compromised by inability to enter judgment, such party or parties (Wilson, Richardson and/or the Owner) could move for further modification of our order. We could then fashion relief which would allow the parties fully to exploit their state remedies without interfering with any federal rights we are charged with vindicating.

Let the Owner submit a proposed order on five days' notice. Should no order be received in Chambers on or before July 28, 1982, we shall ourselves fashion appropriate relief.

SO ORDERED.

---

2. Section 1402 of New York's Civil Practice Law and Rules provides that the "amount of contribution to which a person is entitled shall be the excess *paid* by him over and above his *equitable share* of the judgment recovered by the injured party...." (Emphasis supplied.)

On the facts supposed, Richardson could accordingly enforce any claim against the Owner only to the extent of monies actually paid by him to Mrs. Wilson in excess of his equitable (50%) share of the $2,000,000 judgment secured.