In the Matter Of The Complaint of DAM-MERS & VANDERHEIDE and Scheepvaat Maats Christina B.V. Petitioners, as Owners of the M/V Christina for Exoneration from or Limitation of Liability.

No. 84 Civ. 8993 (RJW).

United States District Court,
S.D. New York.

April 14, 1987.

Gulmi, La Penta, Campbell, Burns & Mahoney, New York City, for petitioners; Philip S. La Penta, Edward A. Keane, of counsel.

George J. Duffy, Brooklyn, N.Y., for respondents.

ROBERT J. WARD, District Judge.

Respondents Fran Corona and his wife Ana Corona renew their motion to vacate in part an order entered by this Court on December 14, 1984 restraining them from proceeding in a negligence action pending in the New York Supreme Court, New York County, for injuries sustained by

Fran Corona while working as a stevedore aboard the *M.V. Christina*. Having reviewed the parties' submissions and after hearing counsels' presentations at oral argument, the Court grants respondents' motion.

## BACKGROUND

On June 18, 1984, Fran Corona was working as a stevedore aboard the *M.V. Christina* while she was moored at Pier 42 in the East River. Part of Corona's duties included preparing the ship to discharge her cargo by opening the hatch covers over the cargo holds. While another longshoreman was using one of the *Christina's* deck cranes to lift the hatch cover, the wire rope on the deck crane parted and the hatch cover fell back into place. The falling hatch cover struck Corona, resulting in injuries that required the amputation of an arm and a leg.

The Coronas sued Dammers & Vanderheide and Scheepvaat Maats Christina B.V. ("Dammers & Vanderheide" or "petitioners"), the owners of the *Christina*, in New York Supreme Court, New York County. Fran Corona seeks $25,000,000 for his injuries. His wife Ana joined a claim for $10,000,000 for loss of consortium. Petitioners then instituted the present proceeding under 46 U.S.C. § 181 *et seq.* to limit their liability for Corona's injuries to the value of the *Christina* and her pending freight. On December 14, 1984, the Court approved a stipulation of value and entered an order restraining the action in New York Supreme Court. On July 31, 1985, the Court, in a memorandum endorsement, denied Corona's motion to vacate the restraining order because the two claims made by Fran Corona for his injuries and by Ana Corona for loss of consortium exceeded the $7,600,000 value of the limitation, making a *concursus* necessary. The Court denied the motion without prejudice to its renewal should a change in events render the *concursus* unnecessary.[1]

Respondents subsequently renewed their motion. The Court heard oral argument on the renewed motion April 17, 1986. Respondents rejected the Court's offer to sit with an advisory jury or to try the case with a jury on consent under Rule 39(c), Fed.R.Civ.P. They argued that as long as the question of limitation of liability remains with the federal court they are entitled to pursue their common law remedies, specifically a jury trial in state court. Petitioners contended that the admiralty claims involved in the case must be heard in federal court, that the multiple claims involved require a concursus, and that they should have recourse to the more liberal joinder policies of the federal courts to ensure a just adjudication of cross-claims the shipowners may have against third parties.[2]

In response to petitioners' contentions at argument on the need for *concursus*, respondents submitted a Second and then a Third Amended Stipulation on Complaint for Limitation of Liability ("Third Amended

---

1. On August 8, 1985 respondents filed a notice of appeal with the Second Circuit Court of Appeals. The Court placed this matter on the suspense docket pending a decision by the Second Circuit. On October 18, 1985, respondents withdrew their appeal and the Court restored the case to the active docket.

2. Following oral argument, the Court directed the parties to submit supplemental memoranda on three questions.
   1. Would it be an abuse of discretion for the district court to maintain a stay on state court proceedings when a single claimant or multiple claimants stipulate that they will not seek to enforce a judgment in excess of the limitation fund? The parties should consider particularly the cases of *Lake Tankers Corp. v. Henn*, 354 U.S. 147 [77 S.Ct. 1269, 1 L.Ed.2d 1246] (1957); *Jefferson Barracks Marine Service v. Casey*, 763 F.2d 1007, 1009 (8th Cir. 1985); *In re Texas Co.*, 213 F.2d 479 (2d Cir. 1954); *In re Trinidad Corp.*, 229 F.2d 423 (2d Cir.1956) and the treatise G. Gilmore and C. Black, *the Law of Admiralty* §§ 10–16—10–18 (2d ed. 1975).

2. In light of claimants' Third Amended Stipulation by which they agree not to enforce a judgment that would expose petitioners to liability exceeding $7,671,000, how might petitioners nonetheless incur liability on those claims to which they are entitled to limitation that might exceed the value of the limitation fund?

3. Under what circumstances should petitioners' interest in a *forum conveniens* for their admiralty claims prevail over claimants' interest in their legal remedies under the saving to suitors clause of 28 U.S.C. § 1333?

Stipulation") by which they agree to litigate all issues of limitation of liability in federal court, to forego any of the benefits of issue preclusion that might flow from the state court proceeding, to assign priority to each distinct claim, and to refrain from enforcing in excess of the limitation fund any judgment they might obtain in state court.

6) Claimant Fran Corona, and Ana Corona, his wife, hereby stipulate that in the event there is a judgment or recovery in the State Court action in excess of SEVEN MILLION SIX HUNDRED SEVENTY–ONE THOUSAND ($7,671,000.00) DOLLARS whether against the plaintiffs, or any other liable parties who may cross-claim or claim over against the plaintiffs, in no event will claimant Fran Corona, and Ana Corona, his wife seek to enforce said excess judgment or recovery insofar as same may expose plaintiffs to liability in excess of SEVEN MILLION SIX HUNDRED SEVENTY–ONE THOUSAND ($7,671,000.00) DOLLARS pending the adjudication of Limitation of Liability in this Court.

7) Claimant's wife, Ana Corona, hereby stipulates and agrees that the claim of Fran Corona will have irrevocable priority to her *per quod* claim.

8) The claimant, Fran Corona, and his wife, Ana Corona stipulate and agree that if the plaintiffs, Dammers & Vanderheide and Scheepvaat Maats Christina B.V., are held to be responsible for attorneys['] fees and costs which may be assessed against them by a co-liable defendant or party seeking indemnification for attorney[s'] fees and costs then such claims shall have priority over the claim for Fran Corona and his wife, Ana Corona.

Third Amended Stipulation at ¶¶ 6, 7, 8.

On the basis of the foregoing stipulation respondents now argue that inasmuch as the owners' interest in limitation has been protected, it would be an abuse of discretion to maintain the stay on their state court proceedings.

**3.** In relevant part, the statute provides:
  Admiralty, maritime and prize cases

## DISCUSSION

The Limitation of Liability Act (the "Limitation Act" or "Act"), 46 U.S.C. § 181 *et seq.*, limits a shipowner's liability for accidents incurred without privity or knowledge to the interest in the vessel and its pending freight. To invoke the Act, a vessel owner must petition the district court for a limitation of liability. Once the owner deposits a sum equal to the interest in the vessel, the district court notifies all potential claimants to file their claims within a specified time and stays prosecution of any other pending actions involving claims subject to limitation. Supplemental Rule F(3), (4), Fed.R.Civ.P. Once all the claims have been filed, the district court "determines if a loss occurred whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted how the fund should be distributed." *Universal Towing Co. v. Barrale*, 595 F.2d 414, 417 (8th Cir.1979); *see generally*, G. Gilmore & C. Black, *The Law of Admiralty*, §§ 10–5—10–9 (2d ed. 1975).

The *concursus*, as the proceeding is known, provides for a marshalling of the assets that comprise the limitation pool and permits the district court to determine priority among competing claims when the aggregate liability exceeds the value of the vessel and its freight. As summarized by this circuit, "the purpose of the limitation proceeding is not to prevent a multiplicity of suits but, in an equitable fashion, to provide a marshalling of assets—the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." *In re Moran Transportation Corp.*, 185 F.2d 386, 389 (2d Cir.1950), *cert. denied*, 340 U.S. 953, 71 S.Ct. 573, 95 L.Ed. 687 (1951).

The purpose of a *concursus* under the Limitation Act, which proceeds without a jury, can conflict with a claimant's right to pursue common law remedies as provided by the saving to suitors clause of 28 U.S.C. § 1333.[3] To the extent that it

  The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

is possible, federal courts attempt to reconcile the disparate intents of the two statutes. When the asserted or potential claims in the aggregate exceed the limitation fund, a situation of multiple claims/inadequate funds, the district court must conduct a *concursus*. *See Ex parte Green*, 286 U.S. 437, 438–40, 52 S.Ct. 602, 603, 76 L.Ed. 1212 (1932); *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.*, 678 F.2d 636 (6th Cir.1982). In two situations, however, the interest of the shipowner in limitation is protected adequately without resort to a *concursus* and the district court must dissolve a stay to permit claimants to proceed in alternative forums. First, when the value of the limitation fund exceeds the sum of the claims to be made against it, the action may proceed in other forums since the vessel owners would in no event be required to pay damages in excess of the interest in the vessel and cargo. *See, e.g., Lake Tankers Corp. v. Henn*, 354 U.S. 147, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957); *In re Moran Transportation Corp., supra*, 185 F.2d at 189. Second where a lone claimant brings an action that exceeds the value of the limitation fund, the district court must dissolve the stay of proceedings once the claimant files an appropriate stipulation in district court conceding to that court all questions concerning the limitation of liability. To avail himself of this avenue a claimant must

a) file his claim in the limitation proceeding;

b) where a stipulation for value has been filed in lieu of the transfer of the ship to a trustee, concede the sufficiency in amount of the stipulation;

c) consent to waive any claim of *res judicata* relevant to the issue of limited liability based on any judgment obtained in the state court;

d) concede petitioner shipowner's right to litigate all issues relating to limitation in the limitation proceeding.

G. Gilmore & C. Black, *The Law of Admiralty* § 10–19 (2d ed. 1975); *see Ex parte Green*, 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932); *Great Lakes Dredge & Dock Co. v. Lynch*, 173 F.2d 281 (6th Cir.1949). In the absence of competing claims, the district court need not apportion recovery among claimants. The stipulation protects the shipowner's right to limitation and to a determination of limitation issues in federal court.

■ As noted previously, Fran and Ana Corona claim damages in the stayed state court action that, in the aggregate, amount to $35,000,000.[4] Petitioners argue that the Coronas fall into neither of the exceptions listed above and that the stay of their state proceedings should continue. The arguments in favor of continuing the stay fall into two categories. First petitioners argue that the Coronas' suit has created a multiple claimant situation and further that no stipulation tendered by the Coronas can preserve their right to limitation and to have limitation issues decided in federal court. Second, petitioners claim that equity favors permitting the action to proceed in federal court to allow them the advan-

---

(1) Any civil case of admiralty or maritime jurisdiction, savings to suitors in all cases all other remedies to which they are otherwise entitled.

28 U.S.C. §§ 1333.

**4.** In a second action, the Coronas sued the ship builder of the *Christina* in the New York Supreme Court, New York County. *Corona v. Van Der Geissen-De Noord B.V.*, No. 1454–86 (Gammerman, J.). Justice Gammerman dismissed that action for lack of personal jurisdiction. The Coronas have appealed that decision. The Coronas recently commenced a third action against Standard Fruit and Steamship Company, John Doe 1, John Doe II and John Doe III.

In a letter to the Court dated March 12, 1987, the Corona's counsel, George Duffy, Esq., informed the Court that "[t]he defendant John Doe 1 listed in actions number two and three is identified as the certifying agency employed to inspect and test all lifting gear, cables, etc. on the said vessel M/V CHRISTINA. The defendant John Doe II in both actions is the supplier, manufacturer, seller or otherwise responsible for the lifting gear, cable, etc. of the vessel M/V CHRISTINA. The defendant John Doe II is identified as the architect, engineer or designer of the vessel M/V CHRISTINA." In the same letter, Duffy confirmed that none of the defendants in either action has moved to implead petitioners.

tage of the more liberal joinder provisions of the Federal Rules of Civil Procedure.

### A. Multiple Claims Requiring a Concursus.

Both Fran and Ana Corona seek damages that exceed the limitation fund. Ana Corona's claim for loss of consortium is a distinct cause of action from Fran Corona's claim for his own injuries. *American Export Lines, Inc. v. Alvez*, 446 U.S. 274, 284–86, 100 S.Ct. 1673, 1679–80, 64 L.Ed.2d 284 (1978). Because Fran and Ana Corona have each asserted distinct causes of action, their suit presents a multiple claims/inadequate fund situation.

The Coronas have also instituted separate state court actions against the ship builder and the vessel's charterer. Petitioners suppose that either or both of those defendants likely will implead the shipowner to assert cross-claims or counterclaims for indemnity sounding in negligence. Courts that have decided the issue differ as to whether claims for indemnity and contribution are merely derivative of primary injury actions or whether they constitute separate claims requiring *concursus*. *Compare In re S & E Shipping Corp. v. Chesapeake & Ohio Railway Co.*, *supra*, 678 F.2d at 645 (injured party's claim and third party's indemnity claim should be treated as a single claim for purposes of a limitation action) and *Universal Towing Co. v. Barrale, supra*, 595 F.2d at 418 (third party's claim for indemnity from the shipowner is derivative of plaintiff's claim against shipowner) *with W.E. Hedger Transportation Corp. v. Gallotta*, 145 F.2d 870, 872 (2d Cir.1944) (claim for indemnification creates a multiple claimant situation). Whatever the eventual resolution of this difference of opinion, Judge Hand's venerable decision in *W.E. Hedger* remains the law of this circuit. Accordingly the potential for third-party indemnity cross-claims or counterclaims in the state court actions also raises the prospect of multiple claims/inadequate fund.[5]

Were either the shipbuilder or the charterer to present claims for attorneys' fees

---

**5.** In *Hedger* the petitioner had orally chartered a barge to a shipping company. A longshoreman, Galotta, working on the barge was injured when he fell into the hold. He sued Hedger, the barge's owner, for $25,000. The owner filed a petition to limit is liability to the asserted $7,000 value of the barge. The longshoreman consented to the limitation of liability. Once the district court lifted the stay, the longshoreman joined the barge's operators, the Manhattan Company, who promptly cross-claimed against the owners. The owners then moved to vacate the order dissolving the stay on the ground that the operator's cross-claim constituted a second claim requiring a *concursus*. In dictum, Judge Hand indicated that the claims were distinct.

> [Gallotta's] position is that the cross-claim of the Manhattan Company against the Hedger Company is the same as his claim against that company, and that therefore there was only one claim as before. As to that we cannot agree. It is true that if Gallotta recovered against both companies but collected from Manhattan Company, any recovery by that company against the Hedger Company upon its cross-claim up to the value of the barge, might be regarded as a recovery by a subrogatee, substituted for the creditor. But, if Gallotta recovered from the Manhattan Company more than the value of the barge, the excess could obviously not be so regarded; nor could the Manhattan Company's recovery of the expenses involved in defending the action. We cannot therefore dispose of the case upon the assumption that only one claim is involved, and that the controversy in the state court can be resolved into no more than whether the Hedger Company or the Manhattan Company shall pay Gallotta the value of the barge.

*W.E. Hedger Transportation Corp. v. Gallotta*, 145 F.2d 870, 872 (2d Cir.1944). The Court in *In re AMF*, 543 F.Supp. 431 (S.D.N.Y.1982), explained how the derivative but distinct indemnity claims can expose the owner to liability totaling more than the vessel's value thereby creating the multiple claims/inadequate fund situation.

> The complaint in the state court action demands $2,500,000 in damages. Let us arbitrarily assume that the state jury were to fix Mrs. Wilson's damages at $2,000,000; find her free of contributory negligence; and find Richardson and the LAURIE to have been equally at fault. Let us further assume that, having entered judgment in the amount of $2,000,000 aginst both Richardson and the Owner, Mrs. Wilson were to levy on the LAURIE, succeed in selling it for $400,000, and then actually collect $1,500,000 from Richardson. On this set of assumptions, the Owner—having lost the ship—would nevertheless be faced with an unsatisfied judgment in the amount of $100,000 in Mrs. Wilson's hands; and an unsatisfied claim over of $500,000 by Richardson. This is precisely the result that the limitation of liability act was designed to avoid.

*Id.* at 433.

and costs resulting from the state court actions, such claims would again be distinct from the Coronas' liability claims. As such they would present the realistic possibility of different and inconsistent judgments against petitioners in excess of the limitation fund. These claims as well present the possibility of multiple claims/inadequate fund and would require a *concursus* to marshall assets and determine priorities. *In re S & E Shipping Corp. v. Chesapeake & Ohio Railway Co., supra,* 678 F.2d at 646.

In summary, Ana Corona's claim for loss of consortium and the reasonable prospect of third-party claims for indemnity or attorneys' fees and costs resulting from the state court action create the prospect of multiple claims totaling over $35,000,000 that vastly exceed the amount of the limitation fund. The action then does not fall within the first exception to the need for a *concursus* in situations involving only a single claim.

### B. The Adequacy of the Corona's Stipulation.

Since the Supreme Court in *Ex Parte Green,* 286 U.S. 437, 52 S.Ct. 602, 76 L.Ed. 1212 (1932), emphasized the importance of preserving common law remedies under the saving to suitors clause, claimants have been able to preserve the right to proceed outside admiralty by entering into stipulations that adequately preserve the shipowner's right to limited liability. In their stipulation, the Coronas have, as required by case law, (1) filed claims in the limitation proceeding, (2) conceded the sufficiency of the $7,671,000 stipulation of value, Third Amended Stipulation ¶ 2, (3) waived any

right to *res judicata* relevant to the issue of limited liability, *id.* ¶ 5, and (4) conceded petitioner's right to litigate all issues relating to limitation of liability in this Court, *id.* ¶ 4. Respondents additionally have stipulated as to the priority of each potentially distinct claim that petitioners contend make a *concursus* necessary, the sufficiency of the stipulation on the other elements notwithstanding. The Court will address the adequacy of the Corona's stipulation of priority as to each distinct claim to preserve petitioner's right to limitation.

### 1. Loss of Consortium.

Treating Fran Corona's claim for injuries and Ana Corona's claim for loss of consortium as distinct, it is nonetheless evident that Ana's stipulation that Fran's injury claim will have irrevocable priority to her claim for loss of consortium adequately protects petitioners' right to limitation of liability. *See In re S & E Shipping Corp. v. Chesapeake & Ohio Railway Co., supra,* 678 F.2d at 644. Petitioner does not seriously contend otherwise.[6]

### 2. Indemnity.

Although neither the shipbuilders nor the charterer has attempted to implead them in the pending state court proceedings, petitioners nonetheless assert that the reasonable possibility that they might do so renders the Coronas' stipulation inadequate to protect their right to limitation. Although the Coronas have filed an adequate stipulation as to themselves, petitioners argue, the other potential claimants could not be expected to make the necessary stipulations and inasmuch as the Coronas may not stipulate for them, *concursus* is required.[7]

---

**6.** Petitioners make the half-hearted contention that the Coronas agree not to enforce an excess judgment or recovery greater than the limitation fund only "pending the *adjudication* of limitation of liability in this Court." (emphasis supplied). Petitioners argue that the stipulation allows the Coronas to enforce an excess judgment at the conclusion of the limitation proceeding, whatever its outcome. Petitioners' Supplemental Memorandum in Opposition at 6. The Court construes the stipulation as providing and accepts it on the condition that respondents will seek to enforce any judgment in excess of

the limitation fund only should they prevail in the limitation proceeding.

**7.** Petitioner, therefore, attempted to distinguish the case at bar from the hypothetical situation propounded by the Court in its first supplemental question. *See supra* n. 2.

As such, the first important distinction between the question posed by the Court and the facts of this case is that the proffered stipulation by Fran and Ana Corona does not create a situation where *all* the multiple claimants have stipulated that they will not seek to en-

By this argument petitioners seemingly raise the possibility that potential third parties could impair its right to limitation of liability 1) by impleading petitioners in the pending state court suits, litigating liability issues there and then claiming the benefits of issue preclusion in the limitation proceeding or 2) by claiming the benefit of issue preclusion, which the Coronas have foresworn, that might result from the state court actions. Allowing the Coronas to proceed, however, does not impair petitioners' right to liability.

From the precedent in this circuit treating indemnity as a distinct claim flows the logical consequence that petitioners could seek, and the Court would be obligated to grant, a stay of any indemnity claims by third parties in the state court proceeding unless the third parties executed appropriate stipulations preserving petitioners' right to limitation. The potential third parties, therefore, cannot directly utilize the benefits of issue preclusion to undermine petitioners' right to limitation. Nor could they do so indirectly. Petitioners are threatened at present with only one lawsuit, that by Fran and Ana Corona. While that suit could conceivably give rise to distinct liabilities, the direct recovery by Fran and Ana Corona as well as liability for indemnity, any cross-claims or counterclaims for indemnity could result only once respondents prevail and recover against that party. The Coronas have stipulated not to enforce a judgment that would expose petitioners to liability in excess of the limitation fund until limitation is decided

here. The Coronas will have to litigate the question of limitation according to their stipulation without the benefit of issue preclusion. Only if the Coronas prevail in the limitation proceeding could they enforce a judgment against third parties who might then seek indemnity against petitioners in excess of the limitation amount. Because the issue of petitioners' right to limitation must necessarily be decided in the Coronas' favor without the benefit of foresworn issue preclusion, no third party could indirectly claim its benefit.[8]

### 3. Attorneys' Fees and Costs.

Fran and Ana Corona have stipulated to give any third-party claim for attorneys fees and costs priority over their respective claims for injury and loss of consortium and not to enforce any judgment that would create liability in excess of the limitation fund pending the outcome of this proceeding. As with Ana's claim for loss of. consortium, this stipulation adequately protects petitioners' rights under the Limitation Act.

### C. Other Justifications for Continuing the Stay.

Petitioners' last class of arguments concerns the convenience to them of litigating this case entirely in the admiralty court rather than piecemeal here and in the state courts. They argue, in effect, that the Court's offer to sit with an advisory jury satisfied the Coronas' interest in saving their common law remedies and that thereafter the equities tipped in favor of con-

---

force a judgment in excess of the limitation fund, or any of the other necessary elements to allow this case to go forward in state court. Indeed, the other reasonably anticipated claimants can be expected to refuse to stipulate to any of the requirements generally found necessary in order to allow a state court proceeding to continue in the face of a Limitation Petition. Those additional claimants will have no interest in advancing a trial by jury outside of admiralty, for a jury would only complicate the trial and run the risk of inconsistent and inflated awards being granted. Even less would they have an interest in stipulating to certain concessions which in essence open them to the costs and difficulties of two separate trials in separate forums.

Petitioners' Supplemental Memorandum In Opposition at 4.

8. A third party's use of issue preclusion resulting from the Coronas' state court action against petitioners would amount to offensive nonmutual issue preclusion. *See* 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4464 (1981). When the party seeking the benefit of issue preclusion could have joined the prior action, that factor militates against granting it. *See id.* § 4465. Because third parties presumably could join the pending state court proceedings simply by executing the appropriate stipulations, it seems doubtful that under the circumstances they would be entitled to take advantage of issue preclusion in the limitation proceeding.

**160**

tinuing the suit in federal court where petitioners might avoid a multiplicity of lawsuits and avail themselves of the advantages of the Federal Rules of Civil Procedure. This argument sorely misconstrues the purposes of the Limitation Act as the Supreme Court has clearly and succinctly stated them.

> The Act is not one of immunity from liability but of limitation of it and we read no other privilege for the shipowner into its language over and above that granting him limited liability. In fact, the Congress not only created the limitation procedure for the primary purpose of apportioning the limitation fund among the claimants where that fund was inadequate to pay the claims in full, but it reserved to such suitors their common-law remedies. In view of this explicit mandate from the Congress the respondent must not be thwarted in her attempt to employ her common-law remedy in the state court where she may obtain trial by jury.
>
> The state proceeding could have no possible effect on the petitioner's claim for limited liability in the admiralty court and the provisions of the Act, therefore, do not control. It follows that there can be no reason why a shipowner, under such conditions, should be treated any more favorably than an airline, bus, or railroad company. None of them can force a damage claimant to trial without a jury. They, too, must suffer a multiplicity of suits. Likewise, the shipowner, so long as his claim of limited liability is not jeopardized, is subject to all common-law remedies available against other parties in damage actions. The Act, as we have said, was not adopted to insulate shipowners from liability but merely to limit it to the value of the vessel and the pending freight.

*Lake Tankers Corp. v. Henn,* 354 U.S. 147, 152–53, 77 S.Ct. 1269, 1272, 1 L.Ed.2d 1246 (1957) (citations omitted). It is apparent that the saving to suitors clause protects access to common-law remedies. Once respondents declined an opportunity to proceed here with a jury on consent or in an advisory capacity, it would be an abuse of discretion for this Court to force that alternative upon them as a substitute for those common law remedies. As discussed above, the Coronas' stipulation adequately protects petitioners' right to liability. So long as the right to limitation is protected, petitioners may not invoke the Limitation Act to protect themselves from a multiplicity of suits. Likewise petitioners' interest in utilizing the joinder provisions of the Federal Rules of Civil Procedure cannot abrogate respondents' substantive right to pursue their state law causes of action under the saving to suitors clause. *Jefferson Barracks Marine Service v. Casey,* 763 F.2d 1007, 1011 (8th Cir.1985).

D. Other Objections to the Form of the Stipulations.

Petitioners have raised several other quibbles as to the phrasing and effect of the Corona's stipulation. Rather than further construe the stipulation or require yet another version from the Coronas to obviate petitioners' difficulties, the Court elects to follow the procedure taken in *In re AMF, supra,* 543 F.Supp. 431. Accordingly the Court vacates the stay first entered December 14, 1984 to allow the Coronas to proceed in their state court action, but continues the stay against entry of judgment and consequent enforcement of any recovery achieved in that proceeding pending the outcome of this limitation proceeding.

### CONCLUSION

The stipulations made by respondents Fran and Ana Corona along with the continuing stay against entry of any judgment achieved in the state court action adequately protects petitioners' right to limit liability stemming from the June 18, 1984 accident aboard the *Christina.* Accordingly, the Court hereby vacates the stay previously entered to permit the action pending in state court to proceed to judgment.

It is so ordered.