ODECO OIL & GAS CO. Drilling Division, et al.,

v.

David J. BONNETTE, et al.

Civ. A. No. 92–0023.

United States District Court, E.D. Louisiana.

Oct. 5, 1994.

James Harold Daigle, Thomas W. Thorne, Jr., E. John Heiser, Lemle & Kelleher, New Orleans, LA, for plaintiffs.

Edward Joseph Cloos, III, Law Office of Edward J. Cloos, III, John G. Discon, Thomas Massa Discon, Scott Greaves Discon, Discon Law Firm, Metairie, LA, for David J. Bonnette.

Edward Joseph Cloos, III, Law Office of Edward J. Cloos, III, Thomas Massa Discon, Discon Law Firm, Metairie, LA, Guy H. Allison, Allison & Huerta, Corpus Christie, TX, for Juan M. Porras.

Edward Joseph Cloos, III, Law Office of Edward J. Cloos, III, John G. Discon, Thomas Massa Discon, Scott Greaves Discon, Discon Law Firm, Metairie, LA, John (Jack) Brown Baldwin, Francis Scott Baldwin, Baldwin & Baldwin, Marshall, TX, for Henry Brumfield.

Vincent Joseph DeSalvo, Law Offices of Vincent J. DeSalvo, Baton Rouge, LA, Edward Joseph Cloos, III, Law Office of Edward J. Cloos, III, Thomas Massa Discon, Discon Law Firm, Metairie, LA, for Ottis L. Robbins.

William L. Denton, Denton, Tyler & Jacobs, Biloxi, MS, Catherine Helen Jacobs, Catherine H. Jacobs, Attorney at Law, Biloxi, MS, for Joel Thompson.

Arthur Anthony Crais, Jr., Shell Oil Co., New Orleans, LA, for Shell Oil Co.

Louis Adam Gerdes, Jr., pro se.

Charles Felix Herd, Jr., Jack L. Allbritton, Fulbright & Jaworski, Houston, TX, for Whittaker Corp.

## ORDER AND REASONS

BERRIGAN, District Judge.

Pending before the Court is a "Motion by Injured Claimants/Defendants and Their Spouses, Respectively, to Lift the Restraining Order in the Limitation Proceeding." Having considered the memoranda and oral argument of the parties, the record, and the applicable law, the Court conditionally and partially grants the motion.[1]

## BACKGROUND

This case has a long history before this Court. Defendants/claimants David J. Bon- nette, Juan M. Porras, Henry Brumfield, Ottis Robbins and Joel Thompson (hereinafter "injured claimants") claim that they were injured during a man-overboard exercise on a Shell Offshore, Inc., platform when their emergency escape capsule fell about ninety feet into the Gulf of Mexico. Subsequently, ODECO Oil & Gas Company–Drilling Division and ODECO Drilling Services, Inc. (hereinafter "Odeco" collectively) filed a declaratory judgment action and a limitation of liability action pursuant to the Limited Liability Act, 46 U.S.C.App. § 181 *et seq.* (hereinafter "Limitation Act"), alleging the value of the escape capsule, the "vessel," did not exceed $30,000.

Initially, the Court issued an order staying further litigation against Odeco arising from the accident until the determination of the limitation proceeding. (Document 3.) The order also required that "persons or concerns" claiming damages file claims against Odeco in the limitation proceeding. The injured claimants filed such claims. (Documents 6 and 8.)

Four of the five injured claimants and their spouses also filed a personal injury suit in Texas state court naming as defendants Shell Oil Co. and Shell Offshore, Inc., (hereinafter, collectively, "Shell"), Whittaker Corporation (hereinafter "Whittaker") and Porras, the fifth injured claimant. (Document 15, Exh. 1.) Porras filed cross claims against these defendants, seeking damages for his injuries. (Document 15, Exh. 1.) The injured claimants then asked this Court to dismiss Odeco's declaratory judgment action and to lift the stay, which would have allowed them to litigate claims against Odeco in state court before proceeding with the limitation action. (Document 15.) In support of their request, the injured claimants filed a "Stipulation." (Document 15, Attachment.)[2] The

---

1. The Court notes that, although the motion is styled on behalf of the injured claimants and their spouses, the spouses are not claimants in this matter.

2. The injured claimants stipulated, in pertinent part:

    1. The claimants/defendants, David J. Bonnette, Juan M. Porras, Henry Brumfield, Ottis L. Robbins and Joel Thompson, hereby stipu-

late and agree that said claimants/defendants in the Limitation proceeding shall bring all possible claims and causes of action against complainants in limitation, ODECO Oil & Gas Company–Drilling Division and ODECO Drilling Services, Inc. in the same court.

    2. Claimants/Defendants ... hereby concede that [Odeco] is entitled to and has the right to litigate all issues relating to limitation of liability ... but claimants specifically reserve the

Court lifted the stay and dismissed the declaratory judgment action. (Document 28.)

Odeco appealed, and the United States Court of Appeal for the Fifth Circuit held that this Court did not abuse its discretion in dismissing Odeco's declaratory judgment action. *Odeco Oil & Gas Co., Drilling Division v. Bonnette,* 4 F.3d 401, 404 (5th Cir. 1993). However, the court of appeals vacated and remanded the stay of the limitation proceeding for the Court to consider the ramifications of contribution or indemnity claims that might be asserted against Odeco in the pending Texas case. *Id.* at 405. The appeals court expressed concern about allusions to potential claims for contribution or indemnity against Odeco by other defendants sued in Texas state court. *Id.*

On remand, this Court determined that a multiple-claimant situation existed because of the indemnification and/or contribution claims that could be filed in the state action by Shell and/or Whittaker against Odeco and maintained the stay. (Document 51.)

Later, on motion of the injured claimants, the Court partially and temporarily lifted the stay to allow the injured claimants to file an action against Odeco in the Texas proceeding. (Document 56.) The Court also ordered that any entities with third-party claims against Odeco in the state action also file those claims in this action. (Document 56.)

In accord with this order, Whittaker and Shell filed claims in this limitation action. (Documents 58 and 64.) Whittaker's claim seeks contribution from Odeco in the event that Whittaker would be found liable to the injured claimants. (Document 58.) Shell's claim against Odeco is for indemnity for defense costs and attorneys' fees as well as legal and contractual indemnity and contribution. (Document 64.)

The injured claimants and their spouses now again move this Court to lift the stay so that they may proceed in state court in Texas against the defendants.[3]

## ANALYSIS

The injured claimants first contend that their present stipulations are sufficient to protect Odeco under the Limitation Act. The injured claimants also contend that they do not need the consent of Whittaker or Shell in their stipulations in order to lift the stay and that the present stipulations are sufficient to protect Odeco from claims by Whittaker and Shell. Further, the injured claimants argue that the court could partially lift the stay as to their claims only, maintaining the stay as to any claims by Whittaker

right to deny and contest in this Court all assertions and allegations made by ODECO in the Complaint of Limitation filed herein.

3. Claimants/Defendants herein will not seek in action pending in the 103rd Judicial District Court of Cameron County, Texas, in which a jury trial has been demanded, any judgment or ruling on the issue of Odeco's right to limitation of liability; and hereby consents [sic] to waive any claim of res judicata relevant to the issue of limitation of liability based on any judgment that may be rendered in said State Court action.

4. Claimants/Defendants herein, while not stipulating to or agreeing to $30,000.00 as the value of the complainants's [sic] interest in the "Whittaker Capsule No. 1" and her pending freight, hereby stipulate that in the event there is a judgment or recovery in the State Court action in excess of $30,000.00, whether against ODECO, or any other liable party or parties who may make cross claim [sic] or claims over against ODECO, in no event will claimants herein seek to enforce said excess judgment or recovery insofar as same may expose Odeco to liability in excess of $30,000.00 pending the adjudication of the Complaint of Limitation of Liability in this Court.

5. Claimants/Defendants herein stipulate and agree that if ODECO is held responsible for attorneys' fees and costs which may be assessed against it by a co-liable defendant or a party seeking indemnification for attorneys' fees and costs, then such claim shall have priority over the claim of claimants/defendants herein.

3. Initially, the Court notes that the present motion is different from any prior motions in this case since remand from the court of appeals in that the claims before the Court by Whittaker and Shell are real and definite, not potential. Further, the Court's holding entered on May 18, 1994, was that claims for indemnification and/or contribution were not derivative of the claims of the injured claimants but instead created a multiple-claimant situation, which prevented the stay from being lifted. Finally, and more importantly, the injured claimants raise a new argument not previously addressed by this Court.

and Shell against Odeco. The Court addresses these arguments in turn.

■ First, in regard to Odeco alone, there is no doubt that the stipulations of the injured claimants are sufficient. Indeed, the Fifth Circuit stated: "Apart from the possible codefendant claims, the stipulations agreed to by the parties contain standard terms and adequately protect Odeco's interests." *Odeco*, 4 F.3d at 405.

■ Thus, the issue is whether the stay should be lifted in view of the multiple-claimant situation that exists. The Court finds the contribution claims do not present an obstacle to lifting the stay because the injured claimants have stipulated that they will not enforce any judgment against Odeco or any other party making claims against Odeco in the state action that would expose Odeco to liability in excess of $30,000 pending adjudication of this case. (Document 15, Stipulation 4.) The courts in both *Complaint of Dammers & Vanderheide*, 836 F.2d 750, 753–54, 757–60 (2nd Cir.1988) (hereinafter *"Dammers"*) and *Kattelman v. Otis Engineering Corp.*, 701 F.Supp. 560, 562 (E.D.La.1988) (Feldman, J.) recognized this type of stipulation as appropriate, and so does this Court.[4]

■ In regard to the claims for indemnity, as noted above, only Shell has made a claim for indemnity (whether legal, contractual or defense indemnity). The Court finds that the injured claimants' stipulation not to enforce any judgment over $30,000 also resolves the issue of legal or contractual indemnity such that Odeco is not put at risk for any amount above $30,000 prior to the adjudication of this limitation action. *See Dammers, supra; Kattelman, supra.*

■ The only remaining issue is whether the injured claimants' stipulation resolves the issue of Shell's claim for defense indemnity, *i.e.*, indemnity for attorneys' fees and costs. The injured claimants have stipulated as follows in regard to claims against Odeco for attorneys' fees and costs:

> Claimants/Defendants herein stipulate and agree that if ODECO is held responsible for attorneys' fees and costs which may be assessed against it by a co-liable defendant or a party seeking indemnification for attorneys' fees and costs, then such claims shall have priority over the claim of claimants/defendants herein.

(Document 15, Attachment, Stipulation No. 5.)

The injured claimants contend that their stipulation coupled with a procedure approved by *Dammers, supra,* and referred to with apparent approval in *Gorman v. Cerasia*, 2 F.3d 519 (3rd Cir.1993), would be sufficient to protect Odeco from claims for indemnity for defense costs and attorneys' fees.

In both of those cases, the courts of appeal found that a multiple-claimant situation existed. *Dammers*, 836 F.2d at 757; *Gorman*, 2 F.3d at 526. In *Dammers* the Second Circuit upheld the "safeguards embodied in the [injured claimants'] stipulation *and* the district court decision" as protecting the vessel owner in the limitation action. *Dammers*, 836 F.2d at 757–760 (emphasis added). The district court's decision included the holding "that if any of the third parties also being sued by the [injured claimants] in state court were to seek indemnification or recovery from the shipowners based on their liability to the [injured claimants], 'the [c]ourt would be obligated to grant[ ] a stay of any [such] ... claims ... unless the third parties executed appropriate stipulations preserving ... [the shipowners'] right to limitation.' " *Id.* at 758, quoting *Complaint of Dammers & Vanderheide*, 660 F.Supp. 153, 159 (S.D.N.Y. 1987).

In *Gorman* the Third Circuit noted this language with apparent approval in remanding the case for further consideration by the trial court. *Gorman*, 2 F.3d at 527.

---

4. Even Whittaker apparently recognizes this, for it states in its opposition memorandum: *"[I]f* [Shell's and Whittaker's] claims were *limited* to contribution only and if there is no finding of liability or damages against Shell or Whittaker, and if claimants agree not to enforce same, then perhaps Claimants' argument and stipulations would be more persuasive." (Document 76, Memorandum, p. 5, emphasis in original.) The first and third dependent clauses in this statement seem to show Whittaker's understanding of the issue; as indicated, the second conditional clause is not applicable under the stipulations filed.

The injured claimants argue that their present attorneys' fees stipulation and the procedure approved in *Dammers* would protect Odeco from any defense indemnity claims while allowing them to proceed in state court under the "Savings to Suitors" clause of 28 U.S.C. § 1333.[5]

Although it has not made a claim for defense indemnity, Whittaker argues that the injured claimants attorneys' fees stipulation is insufficient because its and Shell's claim for defense indemnity is independent of the claims of injured claimants.[6] Whittaker contends that the claims for defense indemnification in the Texas case could easily exceed $30,000 and that the injured claimants' stipulation only gives attorneys' fees claims priority over their claims. Further, Whittaker argues that because neither Shell nor Whittaker have entered into stipulations to protect Odeco on this defense indemnification claim, the Court can not lift the stay in this multiple-claimant situation.

The Court disagrees. Although the cited language in *Dammers* and *Gorman* refers to legal indemnification, the Court finds that the issue in this case is analogous. The safeguard proposed by the *Dammers* district court is also applicable to claims of defense indemnification. In reaching this holding, the Court is cognizant of the tension between the Limitation Act and the injured claimants' right to proceed with their common-law remedies in state court under the "Savings to Suitors" clause. *Odeco,* 4 F.3d at 404; *Dammers,* 836 F.2d at 754. The Court also is mindful of its duty to resolve that tension in a way that protects all parties' legal rights. Partially lifting the stay accomplishes that goal. "As long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, it must take all steps necessary to assure that claimants are allowed to pursue their common law remedies in accordance with the

'savings to suitors' clause." *Id.* at 759. *See Odeco,* 4 F.3d at 404–05.

Thus, the Court will partially lift the stay in this matter to allow plaintiffs to proceed with their claims in state court. The Court also will partially lift the stay to allow Shell to proceed with its claims against Odeco for legal and/or contractual indemnity and contribution and to allow Whittaker to proceed with its claim against Odeco for contribution. However, the stay will be maintained in all other respects, including but not limited to maintaining the stay as to Shell's claims for indemnification for defense or attorney's fees. Additionally, Whittaker and Shell will be precluded from utilizing any type of issue preclusion, *e.g.,* res judicata or collateral estoppel, to undermine Odeco's right to limitation. *Dammers,* 836 F.2d at 758–60.

The Court also will retain jurisdiction of this matter and maintain the stay against entry of judgment and enforcement of any recovery in the state action pending the outcome of this limitation proceeding. *Id. See Kattelman,* 701 F.Supp. at 565.

The Court turns briefly to the other arguments raised in opposition to the injured claimants' present motion. First, both Shell and Whittaker argue generally that lifting the stay may result in a multiplicity of lawsuits and inconvenience of witnesses. This argument falls short. As the Fifth Circuit stated in *Odeco:* "If the purpose of the Limitation Act were to accomplish judicial efficiency as well as limitation of liability, this case would clearly call for concursus proceeding. But ... liability may and should be limited consistent with preserving the claimants' right to proceed in the fora of their choice." *Odeco,* 4 F.3d at 404–05.

Second, Whittaker argues that this case is more like *Pershing Auto Rentals v. Gaffney,* 279 F.2d 546 (5th Cir.1960), where the court of appeals refused to allow only two of four

5. This statute states, in pertinent part:
The district courts shall have original jurisdiction, exclusive of the courts of the States, of: (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.

6. Although Shell is the only party to file a claim in this matter for any type of indemnity, Shell did not raise this issue. Nevertheless, it bears addressing.

injured claimants to proceed in state court.[7] However, *Pershing* is distinguishable on its facts for that very reason. While *Pershing* may have been a multiple-claimant case, all of the claimants were injured claimants and not all of the injured claimants desired to proceed in state court.

This case is unlike *Pershing* because all of the injured claimants desire to take advantage of the "Savings to Suitors" clause and try their case in the Texas court. Additionally, the partial lifting of the stay combined with the Court's retention of jurisdiction and the "claimants' stipulations.cover[ ] all possible claimants and assures Odeco would never have to pay more than the limitation fund should the admiralty court so determine...." *Odeco*, 4 F.3d at 405, n. 7.[8]

Finally, the Court addresses a seeming obstacle to lifting the stay that has been removed by the Fifth Circuit but requires the injured plaintiffs to amend their Stipulation *pro forma*. Because the injured claimants' spouses are also seeking damages in the Texas case, the injured claimants' stipulations must address these spousal claims. The Fifth Circuit stated: "The [injured claimants] judicially admitted that their stipulation should have included their spouses' rights, and we amend the stipulation for that purpose." *Odeco*, 4 F.3d at 405. In order that the record is complete, the Court will condition the grant of the lifting of the stay against Odeco upon the injured claimants' filing a proper supplemental and/or amended stipulation to address their spousal rights.

Accordingly,

**IT IS ORDERED** that, upon injured claimants' filing of an appropriate stipulation addressing their spouses' claims, the restraining order staying the prosecution of claims against Odeco is **PARTIALLY LIFTED** in regard to the following claims: the claims of the injured claimants against Odeco, the claims of Whittaker against Odeco for contribution, and the claims of Shell against Odeco for legal and/or contractual indemnity or contribution.

**IT IS FURTHER ORDERED** that neither Shell nor Whittaker may utilize issue preclusion to prevent Odeco from seeking limitation.

**IT IS FURTHER ORDERED** that the restraining order staying the prosecution of claims against Odeco is **MAINTAINED** in regard to the claim of Shell against Odeco for defense indemnity, including but not limited to attorneys' fees and costs.

**IT IS FURTHER ORDERED** that this Court **RETAINS JURISDICTION** over the limitation proceeding and **MAINTAINS** the stay against entry of an judgment or enforcement of any recovery in the state-court action pending the outcome of the limitation proceeding.

**IT IS FURTHER ORDERED** that this limitation action is administratively stayed, pending resolution of the injured claimants' action for tort damages in state court, reserving to the parties the right to file a motion to reopen this matter as required.

---

7. In *Pershing* the four claimants had been working aboard a vessel when it exploded, injuring them. *Id.* at 548. They each filed claims in the limitation action. *Id.* Two years later two of the four moved for a modification of the injunction issued in the limitation action to allow them to proceed in state court. *Id.* The district court modified the injunction and conditionally allowed the claimants to proceed in state court. *Id.* at 549. The Fifth Circuit reversed and remanded on the basis that not all of the injured claimants joined in the stipulation. *Id.* at 552.

8. Whittaker also argues in its memorandum that the injured claimants ignore Shell's direct action in state court against Shell's insurer. Shell filed

a claim against the insurer in this action and the state suit after seeking permission from this Court. (Document 71.) At oral argument on the present motion, Shell represented that its claim against the insurer was based on Shell's alleged status as an additional assured with Odeco and was not based on direct action. Based upon this representation and the third-party claim that Shell filed (Document 64) as well as the injured claimants' stipulations and the Court's decision to only partially lift the stay and to retain jurisdiction, this is not an issue. This case is unlike *Magnolia Marine Transport Co., Inc. v. Laplace Towing Corp.*, 964 F.2d 1571, 1579–80 (5th Cir. 1992).