**In the Matter of the Complaint of MO-HAWK ASSOCIATES and FURLOUGH, INC., as Owner and *pro hac vice* of the TUG MOHAWK, for Exoneration From or Limitation of Liability.**

Civ. A. No. MJG–94–3198.

United States District Court, D. Maryland, Northern Division.

March 23, 1995.

James W. Bartlett, III, Wilson, Elser, Moskowitz, Edelamn and Dicker, Baltimore, Maryland, for Mohawk Associates.

Benjamin R. Goertemiller, Howell, Gately, Whitney & Carter, Towson, Maryland, for Bethlehem Steel Corporation.

John H. West, III, Baltimore, Maryland, for Hale Marine & Hale Containers.

Paul D. Bekman, Scott R. Scherr, Israelson, Salsbury, Clements & Bekman, Baltimore, Maryland, for Timothy & Suzanne Smith.

Stephen M. Calder, Alfred J. Kuffler, Palmer Biezup & Henderson, Philadelphia, PA and George Tankard, III, Lavin & Van Wambeke, Balitmore, Maryland, for Williams Marine.

Michael J. Perticone, Hardwick & Harris, Baltimore, Maryland, for Tidewater Equipment Company, Inc.

GARBIS, District Judge.

The Court has before it Claimants Timothy and Suzanne Smiths' Motion to Dissolve Order Enjoining Suits (the "Motion to Dissolve") and the materials submitted by the parties relating thereto. The Court finds that a hearing is unnecessary.

As discussed more fully herein, the Court will grant the Claimants' requested relief because:

(1) The only objecting party lacks standing to oppose the motion, and

(2) The stipulations provided by the Claimants are adequate to protect the shipowners' right of limited liability.

## I. BACKGROUND

Claimants Timothy Smith, Individually, and Timothy and Suzanne Smith, as Husband and Wife (the "Smiths"), filed an action against Mohawk Associates ("Mohawk") and Furlough Incorporated ("Furlough"), along with various other defendants, in the Circuit Court for Baltimore County for personal injuries Timothy Smith sustained while on board a barge at Sparrows Point, Maryland. Mohawk, as owner of the Tug MOHAWK, and Furlough as owner pro hac vice of the tug, filed a complaint in this Court seeking exoneration from, or limitation of, liability under 46 U.S.C.App. § 181 et seq., the Limited Liability Act (alternately, the "Limitations Act"), to the value of the tug (alleged to be $425,000). An Order enjoining all proceedings against the owners and directing all persons with potential claims arising out of the incident to file with this Court was issued on November 18, 1995. See the Order in Respect of Proof of Claims, Directing Notice to Issue and Enjoining Suits.

The Smiths answered Mohawk and Furlough's complaint and submitted claims on behalf of Timothy Smith for injuries and damages, on behalf of Suzanne Smith (with Timothy Smith as necessary) for loss of consortium, loss of services and interference with her marital relationship, and on behalf of both for attorneys' fees. Aggregated, the Smiths claim damages in excess of $1 million. In addition, four other parties [1], including William Marine Corporation, answered the complaint and submitted claims of indemnification and contribution against Mohawk and Furlough, including claims for attorneys' fees.

The Smiths have moved to dissolve the Order enjoining their state action suit on the ground that the action effectively represents a single claim and therefore does not necessitate the exclusive federal jurisdiction contemplated by the Limitations Act. Mohawk and Furlough, Plaintiffs in the instant limitation action, have consented to the Motion to Dissolve. However, Williams Marine Corporation, a claimant in the instant proceeding has opposed the Smiths' Motion to Dissolve. Williams Marine argues: (1) that the proceeding does not involve a single claim, but rather contains multiple claims, including independent claims for loss of consortium, contribution and indemnity, and attorneys' fees; and (2) that the stipulations offered by the

---

1. In addition to Williams Marine Corporation, Hale Intermodal Marine Company and Hale Containers, Ltd., Bethlehem Steel Corporation, and Tidewater Equipment Corporation answered the complaint and submitted claims for contribution and indemnity, including attorneys' fees and legal expenses.

Smiths do not provide adequate safeguards in accordance with the policies of the Limitations Act.

Williams Marine hypothesizes that the Smiths could seek to enforce a state court joint and several judgment over and above the value of the Tug MOHAWK against any of the co-defendants, including Williams Marine, leaving the co-defendants without any actual recourse for indemnification or contribution. Thus, if the state court were to grant the Smiths a judgment for $1 million, the Smiths could recover $425,000 from Mohawk and Furlough, (depleting the limitation fund) and then seek the balance of the judgment from co-defendants, including Williams Marine. At that point, Williams Marine's claim against Mohawk and Furlough for indemnity or contribution would be worthless, there being nothing left in the limitation fund from which to recover. Williams Marine argues that a primary purpose of the Limited Liability Act was to prevent situations just such as this by providing a *concursus*, or forum, in which a district court could supervise the distribution of an inadequate fund among claimants.

In response to Williams Marine's opposition to the Motion to Dissolve, the Smiths have asserted: (1) that Williams Marine lacks standing to oppose the Motion, Mohawk and Furlough (who have consented to the Motion) being the only proper claimants to do so; and (2) that the stipulations offered by the Smiths adequately provide the shipowners full protection of the Limitation Liability Act and make the exercise of exclusive admiralty jurisdiction unnecessary.[2]

## II. *LEGAL PRINCIPLES*

■ A district court has discretion to dissolve a previously-ordered stay in a limitation proceeding. *Gorman v. Cerasia*, 2 F.3d 519, 523 (3rd Cir.1993), *citing Langnes v. Green*, 282 U.S. 531, 541, 51 S.Ct. 243, 247, 75 L.Ed. 520 (1931). If a shipowner demonstrates that its right to limit liability would be prejudiced, however, lifting of the stay would constitute an abuse of discretion. *Id.* In this

case, the shipowners, Mohawk and Furlough, have not argued that their right to limit liability would be prejudiced. Instead, Williams Marine, a co-claimant in the limitations action contends that it could be prejudiced by being subject to payment of a judgment in excess of the limitation fund, and left with an unsatisfiable claim for indemnification or contribution. This possibility, Williams Marine argues, contravenes the Limited Liability Act policy of fair distribution of an inadequate liability fund.

■ Congress enacted the Limited Liability Act in 1851 to promote investment in the commercial shipping industry by shielding shipowners from ruinous liability. *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150, 77 S.Ct. 1269, 1271, 1 L.Ed.2d 1246 (1957). The Act provides that the liability of a shipowner incurred as a result of a maritime accident "without the privity or knowledge of such owner ... shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending." 46 U.S.C. app. § 183(a).

■ If a potentially liable shipowner claims protection under the Act, the district court is authorized to stay all other proceedings against the owner and direct all potential claimants to file their claims against the shipowner in the district court within a specified period of time. 46 U.S.C.App. § 185; Fed.R.Civ.P.Suppl. Rule F(4). Thereafter, the court conducts a *concursus*, or proceeding in which the court sits in admiralty without a jury and determines " 'whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the [limitation] fund should be distributed.' " *Universal Towing Co. v. Barrale*, 595 F.2d 414, 420 (8th Cir.1979). By means of this proceeding, the court can supervise the "marshalling of assets [and] the distribution pro rata of an inadequate fund among claimants, none of whom can be paid in full." *Id.* See also *Gorman*, 2 F.3d at 525; *In re Complaint of Dammers & Van-*

---

**2.** In other words, even assuming *arguendo* that Williams Marine had standing to oppose the Motion to Dissolve, the Court should dissolve the

stay because the shipowners are fully protected and there is no requirement that co-defendants of the shipowners also receive any protection.

*derheide & Scheepvaart Maats Christina B.V.,* 836 F.2d 750, 755 (2d Cir.1988).

■■ In providing the potentially liable shipowner with the right to a *concursus* under the Limited Liability Act, however, Congress created a tension with the "saving[s] to suitors" clause of 28 U.S.C. § 1333, which preserves a claimant's right to a jury trial.[3] As the Second Circuit framed the issue:

> In exercising th[e] equitable power [conferred by the Limited Liability Act], the admiralty court must necessarily deny the claimants their right to pursue common law claims before a jury. There is no right to a jury in actions instituted in admiralty, and the claimants are enjoined from pursuing common law actions in other forums. Such a result is in direct conflict of 28 U.S.C. § 1333 that the exercise of admiralty jurisdiction will not deny suitors the right to common law remedies.

*Dammers,* 836 F.2d at 755 (citations omitted).

In attempts to reconcile these inherently conflicting federal statutes, courts have recognized two exceptions to the admiralty court's exclusive jurisdiction over limitations proceedings. The first exists if the value of the vessel and its cargo exceeds the aggregate of the total number of claims filed against the owner. *See Lake Tankers,* 354 U.S. at 152, 77 S.Ct. at 1272. In such a case, "a *concursus* is unnecessary because the claimants need not compete among themselves for larger portions of a limited fund." *In re Midland Enters. Inc.,* 886 F.2d 812, 814 (6th Cir.1989) (citation omitted).

A second exception exists when a single claimant brings an action against the shipowner seeking damages in excess of the value of the vessel. In that case, a *concursus* is unnecessary because there are no additional claimants competing for portions of the limitation fund. *See S & E Shipping Corp. v. Chesapeake & O. Ry. Co.,* 678 F.2d 636, 643 (6th Cir.1982). The district court must still ultimately decide whether the shipowner has

a right to limitation of liability, however. Therefore, the claimant may pursue his common law remedies in another forum only if he concedes that the district court has exclusive jurisdiction over the question of whether the liability is limited. *Id.*

## III. DISCUSSION

### A. Standing

In this case, Mohawk and Furlough, as owner and owner *pro hoc vice* of the tug MOHAWK, brought a limitation of liability action in this Court under 46 U.S.C.App. § 183. As a result, all state proceedings were stayed pending the resolution of the limitation action. The Smiths, claimants in the original state action, have moved to dissolve the stay. A threshold question is whether Williams Marine, as a co-claimant in the limitations proceeding, has standing to invoke the protections of the Limited Liability Act.

The Eastern District of Louisiana was faced with an analogous situation in *Complaint of McDonough Marine Service,* 749 F.Supp. 128 (E.D.La.1990), in which a ship manufacturer moved to enjoin state court proceedings brought against it for claims arising out of a maritime accident. In *McDonough,* although the state action did not name the shipowners as defendants, the manufacturer argued that a federal district court sitting in admiralty ought to have exclusive jurisdiction to hear limitations proceedings in order to (1) prevent duplicity of litigation; and (2) provide a *concursus* for a "multiple-claimant-inadequate-fund" situation. The court began by identifying the intended purpose of the Limited Liability Act:

> "The Limitation Act serves the obvious purpose of *limiting the liability of shipowners,* and also *protecting the shipowner* from the risk of inconsistent judgments arising from a multiplicity of actions".... Hence, *a shipowner* clearly possesses both the right to protection from suits outside the limitation proceeding and the right to

---

3. The clause provides in relevant part:

The district courts shall have original jurisdiction, exclusive of the courts of the States, of:

(1) [a]ny civil case of admiralty or maritime jurisdiction, *saving to suitors in all cases all other remedies to which they are otherwise entitled.*

26 U.S.C. § 1333 (1988) (emphasis added).

seek the intervention of the federal court to enjoin any such suits. *Id.* at 131 (emphasis added), *quoting Ray v. Lykes Bros. S.S. Co.*, 626 F.Supp. 120, 124 (E.D.La.1985), *vacated on other grounds*, 805 F.2d 552 (5th Cir.1986). The court went on to state that " '[t]he owner who may limit is usually the person with legal title to the vessel.' " Consequently, the court held that whereas the shipowner and bareback charterer as owner *pro hoc vice* could call upon the Limitation Act's protections, a ship *manufacturer* had no such right. *McDonough*, 749 F.Supp. at 131.

■ Similarly, in this case, whereas Mohawk and Furlough, as owner and owner *pro hoc vice* of the tug MOHAWK, were well within their statutory rights to bring a limitations action, Williams Marine, as a third party with a potential indemnification or contribution claim, does not have the power to insist upon that action after the shipowners have consented to litigation in state court. In short, Williams Marine, who does not purport to invoke the Limitations Act in the capacity of a shipowner or shipowner *pro hoc vice*, does not have standing to oppose this Motion to Dissolve.

## B. The Effect Of The Smiths' Stipulations

Even assuming *arguendo* that Williams Marine did have standing to oppose the Motion, the stipulations offered by the Smiths would be sufficient to merit a lift of the stay on state court proceedings.

■ The case does not qualify under either the adequate fund or single claimant exception to exclusive admiralty jurisdiction. The Smiths have claimed damages of $1 million, an amount in excess of the alleged value of the vessel and its cargo ($450,000). Moreover, while there is a split in authority whether consortium and indemnification or contribution claims represent independent claims and create a "multiple claimant" situation, courts have uniformly held that claims for attorneys fees and legal expenses do generate a "multiple claimant" situation. Thus, this case does not fall within the "single claimant" exception.

■ Nevertheless, if stipulations sufficient to remove the perceived liability threat to a shipowner are filed, the court may allow a claimant who might otherwise not be so entitled to proceed with common law actions in other forums. *See Gorman*, 2 F.3d at 525; *Magnolia Marine Transport Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1576 (5th Cir. 1992); *Dammers*, 836 F.2d at 756; *Lake Tankers*, 354 U.S. at 149, 152–54, 77 S.Ct. at 1272–73; *In re Moran Transportation*, 185 F.2d at 388; *S & E Shipping*, 678 F.2d at 644; *Universal Towing*, 595 F.2d at 419–20. The Smiths have provided such stipulations.

As to Suzanne Smith's consortium claim and the Smiths' own claim for attorneys' fees, they have stipulated that "if Claimants are awarded damages for both Timothy Smith's claim for personal injury and Timothy and Suzanne Smith's joint claim for loss of consortium, *Timothy Smith's Claim will have irrevocable priority over the joint claim of Timothy Smith and Suzanne Smith, once the claims for attorneys' fees, if any, have been satisfied.*" Claimants' Suppl.Stipulation ¶ 2 (emphasis added). As for other parties' claims for attorneys' fees, the Smiths have further stipulated that "if [Mohawk and Furlough] are held responsible for attorneys' fees and costs which may be assessed against it by a co-liable Defendant party seeking indemnification for attorneys' fees and costs, *such claim shall have priority over the claim of Claimants herein.*" Claimants' Stipulation ¶ 4 (emphasis added). With regard to this Court's retention of ultimate authority over the issue of limited liability, the Smiths have stipulated:

> Claimants, hereby concede that [Mohawk and Furlough] are entitled to and have the right to litigate all issues relating to limitation of liability pursuant to the provisions of 46 U.S.C. § 182–189 in this Court ...

> Claimants herein will not seek in an action pending in any state court actions ... any judgment or ruling on the issue of [Mohawk's and Furlough's] right to limitation of liability; and hereby consent to waive any claim of *res judicata* relevant to the issue of limitation of liability ...

Claimants recognize federal jurisdiction over the issue of the proper valuation of the limitation fund.

Claimants' Stipulation ¶¶ 1–3.

Finally, the Smiths have stipulated that they will not seek to enforce any state court judgment that would expose Mohawk and Furlough to liability in excess of $425,000, the alleged amount of the limitation fund.[4]

The Smith stipulations preclude the prejudicial events Williams Marine hypothesized in its opposition to the Motion to Dissolve and appear to alleviate the "inadequate fund" problem which would necessitate a *concursus*.[5] *See Universal Towing*, 595 F.2d at 419 (stating that "[i]n multiple-claim situations, the courts, emphasizing the narrow purpose of the Limitation Act, have consistently allowed claimants to reduce the amount of their claims in order to eliminated the need for a limitation proceeding"); *Dammers*, 836 F.2d at 759 (finding similar stipulation designed to protect the shipowner against third-party indemnification claims by an agreement not to claim in excess of the limitation fund "adequate to protect the shipowner's right to the safe harbor of limitation of liability"); *Odeco Oil & Gas Co. v. Bonnette*, 866 F.Supp. 295, 298 (E.D.La.1994) (same); *Kattelman v. Otis Engineering Corp.*, 701 F.Supp. 560, 562 (E.D.La.1988) (same).

■ As the Eighth Circuit stated in *Universal Towing v. Barrale*, 595 F.2d 414 (8th Cir.1979),

It is true that in administering equitable relief under the Limitation Act, and particularly in deciding when to dissolve an injunction, the District Court exercises broad discretion. In the case of either a single claim *or of multiple claims that do not exceed the limitation fund, however, the court's discretion is narrowly circumscribed.* The District Court must dissolve the injunction unless the owner can demonstrate that his right to limit liability would be prejudiced.

*Id.* at 420 (citation omitted). Thus, where a *concursus* is unnecessary to protect the interests of the shipowner against excess liability, a claimant's right to a proceed in a state forum must be recognized. Courts have repeatedly admonished attempts to "transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights.... [T]he shipowner, so long as his claim of limited liability is not jeopardized, is subject to all common-law remedies available against other parties in damage actions." *Lake Tankers*, 354 U.S. at 152–53, 77 S.Ct. 1269 at 1274. If shipowners, the parties intended to benefit from the protections of the Limitation Act, may not preclude a claimant from pursuing his or her common law remedies in these cases, a third-party with a potential indemnification or contribution claim does not possess that power.

---

4. The Smiths have stipulated that

> In the event that there is a judgment or recovery in any state action[s] [sic] in excess of $425,000.00, whether against the shipowner, Mohawk Associates, or any other liable parties who may cross-claim or claim over against the shipowner, in no event will claimants, Timothy Smith and Timothy and Suzanne Smith, seek to enforce such excess judgment or recovery insofar as same may expose the shipowner to liability in excess of $425,000.00 pending the adjudication of the Complaint of Limitation of Liability in this Court.

Claimants' Suppl.Stipulation ¶ 3.

5. As the court stated in *S & E Shipping Corp. v. Chesapeake & O. Ry. Co.*, 678 F.2d 636 (6th Cir.1982):

> *Where the limitation fund is sufficient to pay all potential claims ... a concursus is unnecessary* because the claimants need not compete

among themselves for larger portions of a limited fund. This exception to the *concursus* procedure protects the claimant's right to a jury trial in the forum of his choice without undermining the Limitation Act's policy of limiting the shipowner's liability to the value of the vessel and the freight.

*Id.* at 643 (emphasis added). By stipulating that they will not seek to enforce any judgment or recovery beyond $425,000—the alleged amount of the limitation fund—the Smiths are effectively stipulating that the limitation fund will be sufficient to pay all claims. Significantly, all co-claimants' claims are for potential indemnity or contribution from Mohawk or Furlough for amounts paid to the Smiths on account of Mohawk or Furlough's liability. Thus, by agreeing not to enforce an award for which Mohawk and Furlough would be liable in excess of $425,000, the Smiths have effectively ensured that no claim for indemnification or contribution could exceed $425,000.

## IV. CONCLUSION

Given both Williams Marine's lack of standing to oppose the Motion to Dissolve and the adequacy of the Smiths' stipulations to protect the shipowners' right of limited liability, the Court concludes that the Smiths should be allowed to pursue their common law remedies outside of the admiralty forum. *See Gorman,* 2 F.3d at 526 (finding this "a reasonable method of reconciling the two applicable federal statutes, one "saving to suitors" their common law remedies, including the right to a jury trial, and the other protecting an innocent shipowner from claims above the value of the ship and its cargo"). See also *Odeco,* 866 F.Supp. at 299 ("As long as the admiralty court can effectively ensure that a shipowner will not face liability in excess of the limitation fund, it must take all steps necessary to assure that claimants are allowed to pursue their common law remedies in accordance with the 'savings to suitors' clause.") (quoting *Odeco Oil & Gas Co., Drilling Division v. Bonnette,* 4 F.3d 401, 404–05 (5th Cir.1993).

For the foregoing reasons:

1. Claimants' Motion to Dissolve Order Enjoining Suits is **GRANTED.**

2. Paragraph 3 of the Order in Respect of Proof of Claims, Directing Notice to issue and Enjoining Suits issued by this Court on November 18, 1994 is **RESCINDED.**