In the Matter of the Complaint of
**INGRAM BARGE COMPANY,**
Plaintiff,

No. CIV.A. 2:05–CV–00379.

United States District Court,
S.D. West Virginia,
Charleston Division.

March 14, 2006.

Andrea N. Markins, Charleston, Carl J. Marshall, E. Spivey Gault, Paducah, KY, Michael M. Fisher, Charleston, WV, for Plaintiffs Ingram Barge Co. and the Ohio River Terminals Co., LLC.

Amy C. Crosson, Neil R. Bouchillon, Huntington, WV, for Claimants Stephanie Durst and Justin Smoot.

Charles M. Hatcher, Jr., Huntington, WV, for Claimants Carl Wayne Vaughan, Individually and as Administrator of the Estate, Randall Wayne Vaughan, and Barbara Vaughan.

Laura L. Gray, R. Carter Elkins, Huntington, WV, for Claimant Greater Huntington Park and Recreation Division.

## ORDER

GOODWIN, District Judge.

Pending before the court are the joint motion of the claimants, the administrators of the estates of Randall Vaughan and Justin Smoot, to dissolve the injunction and stay the limitation of liability proceedings [Docket 17] and their supplemental motion to dissolve the injunction and stay the proceedings [Docket 45]. Because the amended stipulations filed by the claimants adequately protect the rights of the limitation plaintiffs, the court **GRANTS** the motion, **DISSOLVES** the injunction, and **STAYS** these proceedings.

### I. Background

This limitation of liability action arises from the drowning of two teenage boys on May 21, 2004. According to the movants, Randall Vaughan and Justin Smoot drowned while playing on and diving off of Barge F–14002, which was located on the Ohio River immediately adjacent to a public park operated by the Greater Huntington Park and Recreation District ("GHPRD"). Barge F–14002 was owned by Ingram Barge Company and operated by the Ohio River Terminals Company, LLC (collectively referred to as the "Limitation Plaintiffs"). In February 2005, the estates of Mr. Vaughan and Mr. Smoot gave written notice of their intent to file wrongful death actions against the Limitation Plaintiffs. On May 3, 2005, the Limitation Plaintiffs filed their Complaint in this court seeking exoneration or limitation of liability pursuant to the Limitation of Liability Act ("Limitation Act"). 46 U.S.C. §§ 181–196 (2000). The Limitation Plaintiffs also filed a Verified Statement of Value attesting that the fair and reasonable market value of Barge F–14002 did not exceed $37,000. On August 1, 2005, the estates of Mr. Vaughan and Mr. Smoot filed their answers and claims. Shortly thereafter, they filed a motion to dissolve the injunction and stay the limitation of liability proceedings to allow them to pursue wrongful death actions in state court. They also attached signed stipulations that they will enter if the court grants their motion.

Since the movants filed their motion and stipulations, GHPRD moved the court to file an untimely answer and claim, the court granted its motion, and GHPRD filed an answer and claim against the Limitation Plaintiffs for contribution and indemnification from all damages, costs and expenses, including attorneys' fees. On March 9, 2006, GHPRD and the estates of Mr. Vaughn and Mr. Smoot filed amended stipulations and a supplemental motion to dissolve the injunction and stay the proceedings.

### II. Analysis

The primary issue before the court is whether the amended stipulations signed by all of the claimants adequately protect the Limitation Plaintiffs' rights under the Limitation Act. If the court answers this question in the affirmative, it must lift the injunction, stay these proceedings, and allow the movants to file their state court claims.

Although this issue appears at first blush to be relatively straight forward, the controlling statutes and jurisprudence are

complex and contradictory. Before the issue can be addressed, the court must come to terms with the inherent conflict existing between federal courts' exclusive jurisdiction to limit the liability of vessel owners in admiralty proceedings and the claimants' common law remedies provided for in the saving to suitors clause. *See* 28 U.S.C. § 1331(1) (2000) (preserving the right of claimants to pursue common law remedies in state courts). Only after coming to terms with this conflict can the court address the determinative issue: whether an exception exists to the court's exclusive jurisdiction that allows the court to dissolve the injunction. For the reasons stated below, the court **FINDS** that the amended stipulations sufficiently resolve this statutory conflict and protect the statutory rights of the Limitation Plaintiffs.

### I. The Limitation of Liability Act and the Saving to Suitors Clause

Congress enacted the Limitation Act in 1851 "to encourage the development of American merchant shipping." *Lake Tankers Corp. v. Henn*, 354 U.S. 147, 150, 77 S.Ct. 1269, 1 L.Ed.2d 1246 (1957). "The policy underlying liability limitation was 'to induce the heavy financial commitments the shipping industry requires by mitigating the threat of a multitude of suits and the hazards of the vast, unlimited liability as a result of a maritime disaster.'" *Norfolk Dredging Co. v. Wiley*, 439 F.3d 205, 208 (4th Cir.2006) (quoting *Maryland Cas. Co. v. Cushing*, 347 U.S. 409, 414, 74 S.Ct. 608, 98 L.Ed. 806 (1954)). In accordance with this policy, the Act provides vessel owners the right to limit their liability resulting from accidents and other losses "where the losses incurred exceed the value of the vessel and the pending freight." *Lake Tankers*, 354 U.S. at 151, 77 S.Ct. 1269. The relevant portion of the Act provides:

The liability of the owner of any vessel, whether American or foreign, for any ... loss, damage, or injury by collision, or for any act, matter, or thing, loss, damage, or forfeiture, done, occasioned, or incurred, without the privity or knowledge of such owner or owners, shall not ... exceed the amount or value of the interest of such owner in such vessel, and her freight then pending.

46 App.U.S.C. § 183(a).

The procedures for a limitation of liability action are found in Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims. Supp. R. F, Fed. R.Civ.P. Pursuant to Rule F, a vessel owner may file a complaint in an appropriate district court within six months of receiving a claim in writing. *Id.* at R. F(1). The complaint must set forth the basis on which the limitation plaintiff seeks to limit its liability and may also demand exoneration of liability. *Id.* at R. F(2). Upon compliance by the vessel owner with the requirements of Rule F, "all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease." *Id.* at R. F(3). In addition, on application of the limitation plaintiff, the court must "enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to the limitation in the action." *Id.*

After a limitation plaintiff properly files a complaint, the district court, sitting in admiralty and without a jury, holds a proceeding known as a concursus and determines "whether there was negligence; if there was negligence, whether it was without the privity and knowledge of the owner; and if limitation is granted, how the limitation fund should be distributed." *Gorman v. Cerasia*, 2 F.3d 519, 524 (3d Cir.1993) (citation omitted).

In stark contrast to the Limitation Act, the saving to suitors clause generally preserves claimants' right to pursue common law remedies in state court. *Servis v. Hiller Sys. Inc.*, 54 F.3d 203, 206 (4th Cir.1995). The clause provides: "district courts shall have original jurisdiction, exclusive of the courts of the States, of any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled." 28 U.S.C. § 1333(1).

The conflict between the Limitation Act and the saving to suitors clause is readily apparent. On the one hand, the Limitation Act provides that federal courts, upon petition, must enjoin further prosecution *of any action* against a limitation plaintiff with respect to any claim subject to the limitation action. On the other hand, the saving to suitors clause preserves a claimant's right to pursue common law remedies in state courts.

Courts have reconciled these conflicting statutory provisions by creating exceptions to the exclusive federal jurisdiction conferred by the Limitation Act. *Lewis v. Lewis & Clark Marine, Inc.*, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001). The Supreme Court reasoned that these exceptions are necessary because expanding "the scope of exclusive jurisdiction to prevent ... state court actions would transform the Act from a protective instrument to an offensive weapon by which the shipowner could deprive suitors of their common-law rights, even where the limita-

tion fund is known to be more than adequate to satisfy all demands upon it." *Id.* at 450–51, 121 S.Ct. 993 (citation omitted). The use of these exceptions, however, must be tempered with the court's primary duty in limitation actions-"to protect the shipowner's absolute right to claim the Act's liability cap, and to reserve the adjudication of that right in the federal forum." *Magnolia Marine Transp. Co. v. Laplace Towing Corp.*, 964 F.2d 1571, 1575 (5th Cir.1992).

## II. Exceptions to the Exclusive Jurisdiction of District Courts in Limitation of Liability Actions

■ Federal courts uniformly have adopted three broad exceptions to their exclusive jurisdiction in limitation actions. First, where the value of the vessel and her freight exceeds the total amount of the claims, federal courts allow claimants to pursue their claims in the forum of their choice. *Odeco Oil and Gas Co. v. Bonnette*, 74 F.3d 671, 674 (5th Cir.1996). "In such a case, 'a concursus is unnecessary because the claimants need not compete among themselves for larger portions of a limited fund.'" *In re Mohawk Assocs.*, 897 F.Supp. 906, 910 (D.Md.1995) (citing *In re Midland Enters. Inc.*, 886 F.2d 812, 814 (6th Cir.1989)).

■ Federal courts apply the second exception when a single claimant files a claim against a shipowner seeking damages in excess of the limitation fund.[1] *Gorman*, 2 F.3d at 524. When this occurs, "the dis-

---

1. In a recent opinion, the Fourth Circuit addressed whether a district court properly dissolved an injunction in a limitation of liability action involving only one claimant based on stipulations provided by the claimant. *Norfolk Dredging Co. v. Wiley*, 439 F.3d 205 (4th Cir.2006). *Norfolk Dredging* represents the first time, *in any context*, the Fourth Circuit has addressed the use of stipulations to dissolve an injunction in a limitation of liability

action. The Fourth Circuit, applying the reasoning of *Lewis v. Lewis & Clark Marine*, 531 U.S. 438, 121 S.Ct. 993, 148 L.Ed.2d 931 (2001), observed that district courts can dissolve injunctions in limitation of liability actions when a claimant files stipulations that adequately protect the rights of the limitation plaintiffs. *Norfolk Dredging*, 439 F.3d 205, 209.

trict court must lift the stay provided that the claimant stipulates that the admiralty court has exclusive jurisdiction to determine all issues concerning the owner's limitation of liability under the Act." *Id.* "Specifically, the claimant must waive any claim of res judicata relevant to the issue of limited liability based on any judgment obtained in the state court, and concede the shipowner's right to litigate all issues relating to limitation in the federal limitation proceeding." *Id.* (citing Grant Gilmore & Charles L. Black, Jr, *The Law of Admiralty* § 10–19, at 871 (2d ed.1975)).

■ Courts apply the third exception in multiple-claimant actions where the value of the claims exceeds the value of the limitation fund and all claimants sign protective stipulations. These cases are commonly called "multiple-claimant-inadequate-fund" cases. In such a case, "when *all claimants* stipulate that the federal court has exclusive jurisdiction over the limitation proceeding, and that the claimants will not seek to enforce a damage award greater than the value of the ship and its freight until the shipowner's right to limitation has been determined by the federal court," the court can lift the injunction. *Odeco Oil and Gas,* 74 F.3d at 674 (citing *Texaco, Inc. v. Williams,* 47 F.3d 765, 768 (5th Cir.1995)) (emphasis in original). Essentially, when all claimants agree to appropriate stipulations, the claimants convert a multiple-claimant-inadequate-fund concursus into the functional equivalent of a single-claimant concursus because "the vessel owner would not be exposed to competing judgments that could exhaust the limitation fund." *Beiswenger Enters. v. Carletta,* 86 F.3d 1032, 1040 (11th Cir. 1996). As with the other exceptions, how-

ever, courts should only apply the third exception when the claimants' stipulations sufficiently protect the limitation plaintiffs' right to limit their liability.

■ Although neither the Supreme Court nor the Fourth Circuit has addressed whether limitation plaintiffs can be adequately protected by stipulations in multiple-claimant-inadequate-fund situations, the circuits that have ruled on this issue have uniformly acknowledged that, in such a situation, stipulations can provide the requisite protections. *See* Madeleine M. Landrieu, *Stipulations: Sidestepping the Limitation of Shipowners' Liability Act,* 23 Tul. Mar. L.J. 429, 436 (citing *Beiswenger,* 86 F.3d at 1038; *Texaco,* 47 F.3d at 768 (5th Cir.1995); *Magnolia Marine Transp.,* 964 F.2d at 1576; *Dammers & Vanderheide v. Corona,* 836 F.2d 750, 756 (2d Cir.1988); *S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co.,* 678 F.2d 636, 644 (6th Cir.1982); *Universal Towing Co. v. Barrale,* 595 F.2d 414, 419 (8th Cir.1979)). Following the overwhelming weight of authority, this court **FINDS** that it can dissolve an injunction in a multiple-claimant-inadequate-fund proceeding where *all* of the claimants sign stipulations that fully protect the limitation plaintiffs' absolute right to limit their liability.

*III. This Is a Multiple–Claimant–Inadequate–Fund Case, and the Stipulations Adequately Protect the Limitation Plaintiffs.*

■ In this case, multiple claimants filed claims against the Limitation Plaintiffs, all of the claimants signed the amended stipulations, and the claimants almost certainly will seek a sum exceeding the value of the limitation fund.[2] Consequent-

2. As noted, GHPRD filed a claim for contribution and indemnification. The Fourth Circuit has not addressed whether parties filing claims for contribution and indemnification

are Limitation Act claimants. The court **FINDS**, however, that GHPRD's request for relief makes it a claimant within the meaning of the Limitation Act. *See Odeco,* 74 F.3d at

ly, this case is a multiple-claimant-inadequate-fund case. This court accordingly must stay the proceedings, dissolve the injunction, and allow the movants to proceed with their state court claims if the claimants' stipulations adequately protect the Limitation Plaintiffs' rights conferred by the Limitation Act.

The claimants, including GHPRD, signed and filed the following amended stipulations:

1. Claimants agree that [the Limitation Plaintiffs] are entitled to litigate all issues relating to the Limitation of Liability Act in this Court.

2. Claimants waive any claim of res judicata relevant to the issue of limitation of liability based on any jury trial decision or judgment in state court.

3. While not stipulating or agreeing that the value of the limitation fund is $37,000, claimants agree that in the event there is a judgment or recovery on any jury trial decision or judgment in state court in excess of $37,000 against the Limitation Plaintiffs, in no event will claimants seek to enforce such excess judgment or recovery to the extent same may expose the Limitation Plaintiffs to liability in excess of the sum of $37,000.00 until adjudication of the complaint for limitation of liability in this Court.

4. Should the Limitation Plaintiffs prevail in this Court on their complaint to limit liability, claimants agree the claims of [GHPRD] for attorney fees, costs and expenses shall-in an amount determined by this Court-have priority over the remaining claims of the claimants herein. Claimants further agree that all remaining claims following an award, if any, by this Court of such attorney fees, costs and expenses shall have equal priority.

The initial stipulations filed with the court were clearly deficient. However, the claimants' amended stipulations protect the Limitation Plaintiffs' right to limit their liability. In this case, the amended stipulations effectively convert this case into a single-claim case. The claimants' stipulations prioritize their claims and provide that in "in no event" will they recover more than $37,000 until after the final adjudication of the limitation of liability action.[3] Thus, the Limitation Plaintiffs are not exposed to competing judgments that could "exhaust the limitation fund." *Beiswenger*, 86 F.3d at 1040. In addition, by staying the action, the court has continuing jurisdiction to correct unforeseen deficiencies in the amended stipulations should they prove to provide inadequate protection. *See Norfolk Dredging*, 439 F.3d 205, 210–11 (observing that a district court had continuing jurisdiction to correct deficiencies in stipulations agreed to by the claimants). The court therefore **FINDS** that the amended stipulations sufficiently protect the absolute right of the Limitation

---

675 (finding that parties seeking contribution and indemnity are "claimants" because parties seeking contribution and indemnity are "liabilities that must be addressed in order to protect the shipowner's rights under the Limitation Act"); *In re Complaint of Port Arthur Towing*, 42 F.3d 312, 316 (5th Cir.1995) (finding that a "claimant" includes "a codefendant who is asserting a cross claim for indemnification, costs, and attorney's fees").

**3.** The amended stipulations also eliminate the possibility that the Limitation Plaintiffs' right to limitation will be vitiated by potential claimants or the Limitation Plaintiffs' potential codefendants in a state court action. The court interprets the amended stipulations as prohibiting a *total* recovery in excess of $37,000 by any party or combination of parties *unless* this court finds that the Limitation Plaintiffs are not entitled to limit their liability or that the value of the vessel and her hold exceeds $37,000.

Plaintiffs to limit their liability until the final adjudication of these proceedings.

### III. Conclusion

The Limitation Act provides vessel owners a qualified right to limit their liability. The saving to suitors clause, on the other hand, preserves claimants' right to pursue common law remedies in the forum of their choice as long as such legal actions do not contravene a limitation plaintiff's right to limit its liability. The claimants, through their amended stipulations, succeed in resolving the tension between these seemingly incongruent statutory provisions. Because the amended stipulations adequately protect the right of the Limitation Plaintiffs to limit their liability, the court **GRANTS** the motion, **DISSOLVES** the injunction, and **STAYS** these proceedings.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party and **DIRECTS** the clerk to post this published opinion at *http://www.wvsd.us courts.gov.*